ALVAREZ ET AL., DEMANDANTES Y APELANTES, *v.* GUTIÉRREZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre nulidad de venta y otros extremos.

No. 2123.—Resuelto en junio 1, 1920.

BIENES GANANCIALES—HIPOTECA—CONSENTIMIENTO DE LA ESPOSA.—La ley prohibe al marido hipotecar bienes gananciales sin el consentimiento de su esposa, pero tal requisito no es necesario para que pueda adquirir bienes que ya han sido hipotecados.

ID.—ID.—SOCIEDAD—TERCEROS—FRAUDE.—Cuando mediante la debida consideración se traspasa una hipoteca a una sociedad de la cual el acreedor hipotecario es socio y al liquidarse la sociedad se adjudica dicho crédito a personas que no son los herederos del acreedor hipotecario fallecido, dichos cesionarios son terceros tanto de acuerdo con la Ley Hipotecaria como con la Ley Civil, por lo cual, así como por no haberse probado en este caso las alegaciones de simulación y fraude, no procede la nulidad de dicha hipoteca.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. A. Sarmiento.*

Abogados de los apelados: *Sres. E. Acuña, J. Martínez Dávila y L. Muñoz Morales.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Alegan los apelantes que Andrés Crosas O'Ferrall o su apoderado debidamente autorizado, mediante falsas simulaciones, indujeron al principal apelante Antonio Alvarez González a que le comprase un solar y solicitaron dichos apelantes en su demanda que se declarase nula la hipoteca por parte del precio aplazado de la venta, habiendo reclamado también daños y perjuicios. La simulación fraudulenta que se alega era que la finca en cuestión tenía salidas y entradas libres sobre el terreno de la "American Railroad Company" mientras que en realidad de verdad tales salidas y entradas fueron clausuradas subsiguientemente por la referida "American Railroad Company."

Para anular la hipoteca en este caso los apelantes también sostienen que en la fecha de los traspasos a que se refiere el pleito la esposa de Antonio Alvarez González padecía de enajenación mental y que por tanto el apoderado de Crosas vendió la propiedad al hijo de Antonio Alvarez González quién a su vez la traspasó a su padre; que dicha esposa por supuesto no podía prestar su consentimiento a la hipoteca por el precio de venta aplazado y por consiguiente que toda la transacción era simulada.

La cuestión de fraude fué prontamente eliminada por la corte y no encontramos prueba alguna en los autos de ningún acto fraudulento por parte de Crosas o de su apoderado. La prueba, en verdad, muestra que Antonio Alvarez González, el último comprador, tenía completo conocimiento de la condición de la finca, de sus salidas y entradas y que todos los traspasos, si no se hicieron únicamente a indicación suya, por lo menos se hicieron con su completo consentimiento. La prueba tiende a mostrar que al mismo tiempo que Antonio Alvarez González hacía negociaciones con el apoderado de Crosas también las hacía con la "American Railroad Company" para adquirir una servidumbre de paso por su finca y que posteriormente él estableció una acción en la Corte

Federal para ultimar su reclamación en contra de la referida "American Railroad Company." También parece, aunque no insistimos en este punto, que cuando existe un título inscrito, como en este caso, un comprador estaría obligado a saber si existía o no una servidumbre antes de ultimar su venta. En lo que respecta a Antonio Alvarez González la falta de prueba resuelve su reclamación.

Este, sin embargo, no es un pleito seguido solamente por Antonio Alvarez González. Su esposa está muerta y con él son partes sus dos hijos quienes alegan la nulidad de las ventas y de la hipoteca debido a la enajenación mental de la esposa y madre. A falta de fraude no tenemos duda de que el traspaso hecho por Crosas al hijo era legal y que siendo este último mayor de edad y soltero, tenía derecho a hipotecar la finca por el precio aplazado de venta. Asimismo, en ausencia de fraude, Antonio Alvarez González tenía derecho a comprar a su hijo la finca sujeta a la hipoteca. Antonio Alvarez González era el representante de la sociedad que existía entre él y su esposa y tenía derecho a comprar bienes hipotecados. La ley solamente prohibe a un marido hipotecar bienes de la sociedad conyugal sin el consentimiento de su esposa pero ésta es cosa muy distinta a decir que el marido no puede comprar bienes ya hipotecados.

Supongamos, sin embargo, que se hubiera cometido fraude contra la esposa. Son sus herederos solamente los que tendrían acción contra el esposo culpable y sus cómplices. La prueba no satisfizo a la corte inferior ni nos satisface a nosotros en cuanto a que Crosas o sus mandatarios tuvieran algún conocimiento de la enajenación mental de la esposa del principal apelante. Tanto Antonio Alvarez González como el hijo de quién compró, debido a su intervención en todas las escrituras, estarían impedidos de poder establecer una reclamación contra Crosas. También nos inclinamos a creer que el otro hijo que se unió a su padre y hermano para establecer esta complicada acción debe correr igual suerte que

sus codemandantes. De todos modos no se probó ningún fraude o conocimiento por parte de Crosas.

Esta, sin embargo, no es toda la defensa. Crosas hizo que el crédito hipotecario formara parte del capital de la sociedad a que él perteneció. Tanto él como su socio fallecieron y en las liquidaciones subsiguientes fué asignado el crédito a personas que principal o enteramente no son los herederos de Crosas ni responsables de sus actos o de los de su apoderado. Una hipoteca tendría por tanto que subsistir porque los cesionarios son terceros tanto de acuerdo con la Ley Hipotecaria como de la Ley Civil.

Esta fué también una acción en reclamación de daños y perjuicios, pero habiendo fracasado la prueba de fraude, y por otras razones, los herederos de Crosas no pueden ser responsables de dichos daños y perjuicios.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.